1

2

3

4

5

6                UNITED STATES DISTRICT COURT

7               EASTERN DISTRICT OF WASHINGTON

8

THE SCOTTS COMPANY LLC,            )
9  an Ohio limited liability company,   )   No. CV-10-327-LRS
                                   )
10                      Plaintiff,        )   **ORDER OF DISMISSAL**
                                   )
11                                        )
         vs.                       )
12                                        )
                                   )
13  SEEDS, INC., a Washington        )
    corporation, et al.,             )
14                                        )
                    Defendants.      )
15  _____  )
                                   )
16  THE SCOTTS COMPANY LLC,        )
    an Ohio limited liability company,   )   No. CV-10-326-LRS
17                                        )
                      Plaintiff,        )   **ORDER OF DISMISSAL**
18                                        )
                                   )
19        vs.                       )
                                   )
20                                        )
    DYE SEED RANCH, INC.,          )
21  a Washington corporation, et al.,   )
                                   )
22                                        )
                    Defendants.      )
23  _____  )

24        **BEFORE THE COURT** are Defendant Seeds, Inc.'s Motion To Dismiss

25  (Ct. Rec. 23 in CV-10-327-LRS), Defendant Dye Seed Ranch, Inc.'s Motion To

26  Dismiss (Ct. Rec. 22 in CV-10-326-LRS), and the Grower Defendants' Motions

27  To Realign Parties and to Dismiss For Lack of Subject Matter Jurisdiction (Ct.

28  **ORDER OF DISMISSAL-**          **1**

Rec. 33 in CV-10-326-LRS and Ct. Rec. 47 in CV-10-327-LRS).  These motions were heard with telephonic argument on February 11, 2011.

**I. BACKGROUND**

On September 24, 2010, Plaintiff Scotts Company LLC filed Complaints against Defendant Dye Seed Ranch, Inc., in CV-10-326-LRS (Ct. Rec. 1), and against Defendant Seeds, Inc., in CV-10-327-LRS (Ct. Rec. 1).  Other than the named Defendant being different in the two Complaints, the Complaints were essentially identical with regard to the alleged wrongdoing and the relief sought.

On October 18, 2010, Defendant Dye Seed Ranch, Inc., filed a Motion To Dismiss For Failure To Join Indispensable Parties (Ct. Rec. 9 in CV-10-326), those parties being Maple Leaf Farm, Inc., Mica Creek, Inc., Tim Freeburg, Double F. Ranch, Inc., Duane Lashaw Farms, Inc., Mark Lashaw Farms, Inc., Jacot Farms, Inc., and Cave Bay Farms, Inc..  These growers had filed suit against Scotts and Dye Seed Ranch, Inc. in Whitman County Superior Court on October 6, 2010.  On November 12, 2010, Scotts filed an Amended Complaint in CV-10-326-LRS (Ct. Rec. 18) adding these growers as Defendants ("Grower Defendants"). This rendered moot the Motion To Dismiss For Failure To Join Indispensable Parties and the court dismissed it as moot in a text order entered January 12, 2011 (Ct. Rec. 40 in CV-10-326-LRS).  Following the filing of the Amended Complaint, Defendant Dye Seed Ranch, Inc., filed the pending Motion To Dismiss or Stay (Ct. Rec. 22 in CV-10-326), and the Grower Defendants filed the pending Motion To Realign And Dismiss (Ct. Rec. 33 in CV-10-326) which are directed at the Amended Complaint.

On October 26, 2010, Defendant Seeds, Inc., filed a Motion To Dismiss For Failure To Join Indispensable Parties (Ct. Rec. 7 in CV-10-327), those parties being Millhorn Farms, Inc., Maple Leaf Farm, Inc., Mica Creek, Inc., and Tim

**ORDER OF DISMISSAL-**          **2**

1    Freeburg.  These growers had filed suit against Scotts and Seeds, Inc. in Whitman

2    County Superior Court on October 6, 2010.[1]  On November 12, 2010, Scotts filed

3    an Amended Complaint in CV-10-327-LRS (Ct. Rec. 15) adding these growers as

4    Defendants ("Grower Defendants").  This rendered moot the Motion To Dismiss

5    For Failure To Join Indispensable Parties and the court dismissed it as moot in a

6    text order entered January 12, 2011 (Ct. Rec. 55 in CV-10-326-LRS).  Following

7    the filing of the Amended Complaint, Defendant Seeds, Inc. filed the pending

8    Motion To Dismiss or Stay (Ct. Rec. 23 in CV-10-327), and the Grower

9    Defendants filed the pending Motion To Realign And Dismiss (Ct. Rec. 47 in CV-

10   10-326) which are directed at the Amended Complaint.

11        The Grower Defendants in CV-10-326-LRS and CV-10-327-LRS seek only

12   realignment of the parties and then a dismissal for lack of subject matter

13   jurisdiction.  Seeds, Inc. and Dye Seed Ranch, Inc. also seek that relief, but

14   alternatively ask the court to abstain from exercising jurisdiction and dismiss or

15   stay CV-10-326-LRS and CV-10-327-LRS, asserting Scotts is seeking only

16   declaratory relief (*Brillhart* declaratory relief abstention).  Seeds, Inc., also asks

17   the court to consider abstention and a stay of CV-10-327-LRS pursuant to the

18   *Colorado River* doctrine.  All of the pending motions are factually and legally

19   related and, as such, were consolidated for hearing.

20

21

22        [1] This is the same action in which Dye Seed Ranch, Inc. and Scotts are
     named as Defendants.  The Grower Plaintiffs in this Whitman County Superior

23   Court action are separated into two Groups: Group One (Millhorn Farms, Inc.,

24   Maple Leaf Farm, Inc., Mica Creek, Inc., and Tim Freeburg) is suing Seeds, Inc.,
     and Scotts; and Group Two (Maple Leaf Farm, Inc., Mica Creek, Inc., Tim

25   Freeburg, Double F. Ranch, Inc., Duane Lashaw Farms, Inc., Mark Lashaw Farms,

26   Inc., Jacot Farms, Inc., and Cave Bay Farms, Inc.) is suing Dye Seed Ranch, Inc.

27   and Scotts.

28   **ORDER OF DISMISSAL-      3**

## II.  DISCUSSION

### A.  Realignment Of The Parties

Defendants Seeds, Inc., Dye Seed Ranch, Inc., and the Grower Defendants argue the parties should be realigned in CV-10-326-LRS and CV-10-327-LRS so that the Grower Defendants are the Plaintiffs, and Seeds, Inc. and Scotts are the Defendants in CV-10-327-LRS, and Dye Seed Ranch, Inc. and Scotts are the Defendants in CV-10-326-LRS.  If that were to occur, there would no longer be diversity jurisdiction because some of the Grower Defendants are Washington residents, as are Seeds, Inc., and Dye Seed Ranch, Inc.  The current Amended Complaints of record, with Scotts as Plaintiff, alleges subject matter jurisdiction on the basis of diversity because Scotts is an Ohio resident, while Defendants Seeds, Inc. and Dye Seed Ranch, Inc., and the Grower Defendants, are all non-Ohio residents.

Scott's alignment of the parties is not conclusive.  It is the real interest of the parties that controls for diversity purposes.  Where the parties have multiple disputes and varying interests, many courts look to the "primary dispute" in determining how to align them for diversity purposes.  *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987).  Here, the "primary dispute" is between the Growers on one side, and the middlemen processors (Seeds and Dye Seed Ranch) and Scotts on the other side.  All of the disputes in this case, including the dispute between Seeds and Scotts, and Dye Seed Ranch and Scotts, about the audit provisions in their Settlement and Supply Agreements (SSAs), arise because the Growers have not been paid.  The Growers were to receive payments from Seeds and Dye Seed Ranch pursuant to the Growers' contracts with Seeds and Dye Seed Ranch, but Seeds and Dye Seed Ranch could not and/or did not make the payments because they did not receive the payments from Scotts they assert are due under the SSAs.  The audit dispute

**ORDER OF DISMISSAL-        4**

between Scotts and Seeds, and between Scotts and Dye Seed Ranch, is ancillary to
the primary dispute that pits the Growers against Seeds and Dye Seed Ranch, and
in turn, against Scotts.  The Growers are the ultimate recipients of the funds at
issue and therefore, most adversely affected by the dispute.  They are the natural
Plaintiffs in these federal lawsuits, just as in the state lawsuit in which they assert
breach of contract claims against Seeds and Dye Seed Ranch, and against Scotts
claiming they are third party beneficiaries of the SSAs between Seeds and Scotts,
and Dye Seed Ranch and Scotts.

Scotts unduly narrows the scope of the inquiry regarding what constitutes
the "primary dispute" by focusing narrowly on the "federal lawsuit:" "**In this
federal lawsuit**, Scotts' claim for enforcement of the audit provision and
monetary damages are the primary matters in dispute . . . ." (Ct. Rec. 72 in 10-327-
LRS at p. 8); "The primary issue- indeed, the only claims **in this federal lawsuit**
arise out of- Seeds' breaches of the Supply Agreement" (Ct. Rec. 72 in 10-327-
LRS at p. 9)(emphasis added).  Scotts asserts the fact it joined the Grower
Defendants in the federal lawsuits does not mean the Growers' state law breach of
contract claims constitute the "primary dispute."  The court disagrees.  Grower
Defendants put it best:

> The Growers are adverse to Seeds and Dye Ranch, as well as
> Scotts.  The contracts themselves define the relationships between
> the parties.  The Growers are the unpaid plaintiffs who seek
> damages from both Seeds and Dye Ranch for breach of
> contract and from Scotts as third-party beneficiaries of
> the Supply Agreements.  The claims are pled in the alternative.
> Scotts has an ancillary dispute concerning its right to audit
> the books and records of Seeds and Dye Ranch.  It is not
> the primary matter in dispute.

(Ct. Rec. 50 in 10-327-LRS at pp. 8-9).[2]  The Growers want to be paid and they do

---

[2] Scotts notes the "Growers are not parties to the Supply Agreement . . . have
not filed an answer in [the] federal case[s], nor have they asserted any claims in

**ORDER OF DISMISSAL-     5**

1    not care who pays:  Scotts and/or Seeds in CV-10-327-LRS; Scotts and/or Dye

2    Seed Ranch in CV-10-326-LRS.

3        The court hereby realigns the parties in CV-10-326-LRS and CV-10-327-

4    LRS so that the Growers, currently the Defendants in both cases, are made the

5    Plaintiffs; Seeds and Scotts become the Defendants in CV-10-327-LRS; and Dye

6    Seed Ranch and Scotts become the Defendants in CV-10-326-LRS.  The result is

7    no diversity in either action and the court will dismiss both actions pursuant to

8    Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

9

10        **B.  Declaratory Relief Abstention**

11        Because the court is dismissing the federal lawsuits for lack of subject

12    matter jurisdiction, it is not necessary to consider whether abstention from

13    exercising jurisdiction is appropriate.  Even if, however, the federal lawsuits were

14    not dismissed for lack of subject matter jurisdiction, the court would abstain from

15    exercising jurisdiction.

16        28 U.S.C. §2201(a) states the court "**may** declare the rights . . . of any

17    interested party." (Emphasis added).  A district court's discretion to hear

18    declaratory actions over which it has jurisdiction is guided by the factors

19    announced by the U.S. Supreme Court in *Brillhart v. Excess Ins. Co.*, 316 U.S.

20    491, 62 S.Ct. 1173 (1942).  These factors include avoiding needless determination

21

22    [the] federal cases."  As Seeds points out in its Reply Memorandum (Ct. Rec. 53 at

23    p. 3): "As a practical matter, if this motion is denied and the case continues, there

      will be counterclaims and cross-claims reflecting all of the claims already being

24    litigated in the State Action.  For example, the Growers will no doubt sue Seeds

25    for breach of the Grower Contracts for failure to pay and will also sue Scotts for

      failure to pay under a third-party beneficiary theory, and Seeds will in turn sue

26    Scotts for breach of the SSA and for causing Seeds' failure to pay the Growers

27    under the Grower Contracts."

28    **ORDER OF DISMISSAL-        6**

1    of state law issues, discouraging the filing of declaratory actions as a means of

2    forum shopping, and avoidance of duplicative litigation.  "Essentially, the district

3    court 'must balance concerns of judicial administration, comity, and fairness to

4    litigants.'" *American States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994)

5    (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)).

6    Additional and potentially relevant considerations include: 1) whether the

7    declaratory action will settle all aspects of the controversy; 2) whether the

8    declaratory action is being sought merely for the purposes of procedural fencing or

9    to obtain a "res judicata" advantage; 3) whether the use of a declaratory action will

10   result in entanglement between federal and state court systems; 4) the convenience

11   of the parties; and 5) the relative convenience of other remedies.  *Id*. at 145.

12        "In the declaratory judgment context, the normal principle that federal

13   courts should adjudicate claims within their jurisdiction yields to considerations of

14   practicality and wise judicial administration."  *Wilton v. Seven Falls Co.*, 515 U.S.

15   277, 288, 115 S.Ct. 2137 (1995).  The court's discretion, however, is not

16   unfettered.  "A district court cannot decline to entertain such an action as a matter

17   of whim or personal disinclination."  *Public Affairs Associates v. Rickover*, 369

18   U.S. 111, 112, 82 S.Ct. 580 (1962).  There is "no presumption in favor of

19   abstention in declaratory actions generally . . . ."  *Government Employees Ins. Co.*

20   *v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).  Furthermore, claims that exist

21   independent of the request for a declaration are not subject to the Declaratory

22   Judgment Act's discretionary jurisdictional rule.  *Snodgrass v. Provident Life and*

23   *Accident Insurance Company*, 147 F.3d 1163, 1167 (9th Cir. 1998), citing

24   *Maryland Cas. Co. v. Knight*, 96 F.3d 1284, 1289 & n. 6 (9th Cir. 1996).  Instead,

25   they invoke the "'virtually unflagging'" obligation of the district court to hear

26   jurisdictionally sufficient claims.  *Id*., citing *First State Ins. Co. v. Callan Assocs.,*

27   *Inc.*, 113 F.3d 161, 163 (9th Cir. 1997).  In *Snodgrass*, the court of appeals noted

28   **ORDER OF DISMISSAL-**        **7**

1  that on several occasions it had affirmed district court decisions to exercise

2  jurisdiction under the Declaratory Judgment Act where the dismissal of claims for

3  declaratory relief "would not have saved the district court from having to

4  adjudicate the controversy and deal with state law issues." *Id*., quoting *St. Paul*

5  *Fire & Marine Ins. Co. v. F.H.*, 117 F.3d 435, 438 (9th Cir. 1997).  According to

6  the court of appeals, "[t]he appropriate inquiry for a district court in a Declaratory

7  Judgment Act case is to determine whether there are claims in the case that exist

8  independent of any request for purely declaratory relief, that is, claims that would

9  continue to exist if the request for a declaration simply dropped from the case."

10  *Id*. at 1167-68.  See also *Dizol*, 133 F.3d at 1225 ("If a federal court is required to

11  determine major issues of state law because of the existence of non-discretionary

12  claims, the declaratory action should be retained to avoid piecemeal litigation").

13      It is apparent from the Amended Complaints that Scotts' claims for breach

14  of contract damages and for specific performance are not independent of its claims

15  for declaratory relief.  (See Ct. Rec. 18 in CV-10-326 at Paragraph 33; Ct. Rec. 15

16  in CV-10-327 at Paragraph 30).  All of Scotts' causes of action depend on the

17  audit.  The audit is the driving force behind all other issues.  Scotts seeks a

18  declaration that an audit is "a condition precedent to any payment obligation" to

19  Seeds or Dye Seed Ranch .  A determination of any "damages" suffered by Scotts

20  depends on an audit showing what is owed by or to Scotts.  Only if that audit

21  shows some improprieties will Scotts have a basis for alleging it does not owe

22  anything to Seeds or Dye Seed Ranch and that in fact, Seeds and Dye Seed Ranch

23  owe monies to Scotts.

24      There is no compelling reason for this court, at least at this point, to wade

25  into a dispute that involves only state law issues which are already before the

26

27

28  **ORDER OF DISMISSAL-**      **8**

Whitman County Superior Court in two lawsuits[3] that involve all of the parties and which seemingly have the capacity for resolving all of the issues presented.[4]  It is also apparent that Scotts knew it was about to be sued by Seeds, Dye Seed Ranch and the Growers in state court, and therefore quickly filed a lawsuit in federal court.

When a court declines to exercise jurisdiction over a declaratory judgment action (i.e., "abstains"), it has the option to stay or dismiss the action in favor of pending state court proceedings involving the same issues and parties. *Wilton*, 515 U.S. at 287-89.  A stay is usually the "preferable course" because it assures that the federal action can proceed later, without risk of a time bar, if for any reason the state court proceedings fail to fully resolve the matter. *Wilton*, 515 U.S. at 288.  If the court were not realigning the parties and dismissing the federal actions for lack of subject matter jurisdiction, it would stay them pending resolution of the state proceedings.

### C.  *Colorado River* Abstention

Seeds, Inc. contends abstention would also be warranted pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 815, 96 S.Ct. 1236 (1976), if the court were to hold that Scotts' Amended Complaints present claims for non-declaratory relief which are not dependent on the claims for declaratory relief.

---

[3] On November 30, 2010, another group of growers commenced an action against Seeds, Inc. and Scotts in Whitman County Superior Court.

[4] The record indicates that both Seeds, Inc. and Dye Seeds Ranch, Inc., have filed cross-claims against their co-defendant Scotts in the Whitman County Superior Court action filed on October 6, 2010.

**ORDER OF DISMISSAL-          9**

1    *Colorado River* holds that in the interest of "wise judicial administration,"

2    federal courts may stay a case involving a question of federal law where a

3    concurrent state action is pending in which the identical issues are raised.  Such

4    abstention is warranted only in "exceptional circumstances."  *Id*. at 813.  No

5    showing of "exceptional circumstances" is required to support a decision to

6    abstain from hearing a declaratory relief action because the Declaratory Judgment

7    Act makes such relief entirely discretionary.

8          Several of the *Colorado River* factors clearly weigh in favor of abstention

9    here:  substantial similarity between the federal and state suits; forum-shopping to

10   avoid the state forum; avoidance of piecemeal litigation; priority of the

11   proceedings in that the October 6, 2010 Whitman County Superior Court action

12   was filed before the Amended Complaints now at issue in the federal actions, and

13   the fact that a substantial amount of progress has already been made in the state

14   action as outlined by counsel for Seeds, Dye Seed Ranch and the Growers[5]; state

15   law provides the rule of decision on the merits of each and every claim; and the

16   state court proceedings will adequately protect the rights of Scotts (the party

17   which invoked federal jurisdiction).  A *Colorado River* stay is proper even in an

18   ordinary tort or contract case, such as where the state case has progressed far

19   beyond the federal case, making it "highly inefficient" to allow the federal case to

20   proceed.  *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989).  The record

21   here indicates the Whitman County Superior Court action filed on October 6, 2010

22   has already progressed far beyond the federal cases.  (See Esser Affidavit, Ct. Rec.

23

24          [5] The Growers' October 6, 2010 Whitman County Superior Court action

25   was filed just days after Scotts filed its original complaints in federal court

26   (September 24) against Seeds and Dye Seeds Ranch, but not the Growers.  As

     noted, the Growers did not become parties until Scotts filed its Amended

27   Complaints in CV-10-326-LRS and CV-10-327-LRS on November 12, 2010.

28   **ORDER OF DISMISSAL-**        **10**

54 in CV-10-327-LRS).

When a district court declines to exercise jurisdiction under *Colorado River*, it should stay, rather than dismiss, the federal action. This ensures the federal forum will remain open if, for some unexpected reason, the state forum proves to be inadequate. "Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 818-19. If declaratory relief abstention were not appropriate, the court would nonetheless abstain based on *Colorado River* and stay the federal lawsuits pursuant thereto. Scotts says that "[i]f the Court were inclined to abstain under any doctrine, then it should order a stay, permitting Scotts time to amend its answer and bring claims in state court." If Scotts wants to amend its answer and bring claims in state court, it will need to seek that relief from the Whitman County Superior Court.

## III. CONCLUSION

All of the motions at issue (Ct. Rec. 22 and 33 in CV-10-326-LRS; Ct. Rec. 23 and 47 in CV-10-327-LRS) are **GRANTED**. Because of the realignment of the parties as set forth above, diversity does not exist in either action and CV-10-326-LRS and CV-10-327-LRS are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

//
//
//
//
//
//
//
//

**ORDER OF DISMISSAL-**        **11**

1    Scotts' Motions To Commence Discovery (Ct. Rec. 45 in 10-326 and Ct.

2    Rec. 63 in 10-327) and Motion For Leave To File Second Amended Complaint

3    (Ct. Rec. 67 in 10-327) are **DISMISSED** as moot.

4    **IT IS SO ORDERED**.  The District Executive is directed to enter judgment

5    accordingly in both CV-10-326-LRS and CV-10-327-LRS, and forward copies of

6    the judgments and this order to counsel of record in both actions.  Both files shall

7    be closed.

8    **DATED** this ___16th___ of February, 2011.

9

10                                *s/Lonny R. Suko*

11    _____
                        LONNY R. SUKO
12                  United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **ORDER OF DISMISSAL-**          **12**